**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CLAUDINE JEANETTE WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-18-075-RAW-KEW |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff commenced this case on March 9, 2018 with the filing of the Complaint to Review Decision of Secretary of Health & Human Services acting *pro se*. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* which was granted by the presiding United States District Judge on March 12, 2018. Thereafter, the Clerk of the Court provided USM-295 forms to Plaintiff to permit the United States Marshal's Service to serve summons and the Complaint upon the entities designated by Plaintiff.

On March 15, 2018, this case was referred to the undersigned. Plaintiff filed an Amended Complaint on March 16, 2018. A summons was issued by the Court Clerk utilizing the information provided by Plaintiff which was subsequently served by the Marshal's Service upon the Social Security Administration at 2401 West Shawnee Street, Muskogee, Oklahoma 74401. No further action was taken by Plaintiff.

On February 5, 2019, this Court entered a minute order recognizing that Plaintiff had not served the appropriate entities in order to effectuate proper service upon Defendant. As

acknowledged in the minute order, in accordance with Fed. R. Civ. P. 4(i), Plaintiff was required to serve the United States Attorney's Office for the Eastern District of Oklahoma, the United States Attorney General, and the Office of the Regional Chief Counsel, Denver, Colorado (Region VII). This Court directed that Plaintiff provide the Clerk of the Court with completed USM-285 forms and completed summons for these entities by February 20, 2019. The minute order specifically provided that

> THE FAILURE TO PROVIDE THE US-285 FORM AND SUMMONS WITH THE CORRECT COMPLETED INFORMATION FOR THE THREE ENTITIES REQUIRED FOR SERVICE BY THIS DEADLINE MAY RESULT IN THE DISMISSAL OF THIS ACTION FOR THE FAILURE TO OBTAIN TIMELY SERVICE, WITHOUT FURTHER NOTICE OR HEARING.

*See* Docket Entry #11.

Plaintiff failed to provide any of the completed forms as ordered by this Court. Instead, Plaintiff filed a handwritten document which requested that this case be transferred to the "federal building in Birmingham AL", providing an address for the Court as well as an alternative mailing address in Ethelsville, Alabama for herself.

Venue for a Social Security case is addressed in 42 U.S.C. §405(g), which states

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. **Such action shall be brought in the district court of the United States for the judicial district in**

2

>**which the plaintiff resides**, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

(Emphasis added by this Court).

Both the Complaint and Amended Complaint indicate Plaintiff was living at 500 Dayton Street #340, Muskogee, Oklahoma 74403, which is located within the Eastern District of Oklahoma. The first indication of a different residence for Plaintiff appears in the subject Motion to Transfer.

A change of venue may be granted, in the interest of justice, to any other district or division in which the case might have been brought or where all parties have consented. 28 U.S.C. § 1404(a). When Plaintiff commenced this action, the only district in which she could have brought this case was the Eastern District of Oklahoma since she indicated that she resided in this District.

Plaintiff has failed to demonstrate that venue would have been proper in the United States District Court for the Northern District of Alabama or any other district when she filed her Complaint as required by § 1404(a). A subsequent change of residence by Plaintiff does not require a change of venue. Additionally, Defendant has not consented to a change of venue, largely because Plaintiff has failed to properly serve this party, despite directives by the Court to do so. Possibly most importantly, the review of Social Security disability determinations do not require Plaintiff to appear in court since

the issues are determined on briefing only. The venue of the Eastern District of Oklahoma is no less convenient than the Northern District of Alabama for purposes of prosecuting this review. As a result, it is the undersigned's recommendation that Plaintiff's requested change of venue be denied.

The problem in this case is Plaintiff refuses to follow the Court's orders to effectuate proper service of Defendant. This Court specifically informed Plaintiff on the proper entities to serve and the forms required to submit to accomplish service by the United States Marshal's Service. Yet, Plaintiff continues to ignore the directives of the Clerk of Court and the order of this Court to insure the orderly prosecution of this case.

Plaintiff is required to obtain service within 90 days (formerly 120 days) of the filing of the Complaint or risk dismissal. Fed. R. Civ. P. 4(m). Almost a year has passed since the filing of the Complaint without action by Plaintiff. This Court has also ordered service and provided the required information to obtain service. Plaintiff has provided no explanation for her failure to obtain service. Consequently, dismissal is appropriate both through the vehicle of Rule 4(m) and through the express warning provided in this Court's order.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Plaintiff's Motion to Transfer Venue (Docket Entry #12) be **DENIED.**

IT IS THE FURTHER RECOMMENDATION OF THIS COURT that this case be **DISMISSED** for Plaintiff's failure to obtain service in a timely

manner, follow the orders of this Court, and prosecute this case.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of the judgment of the District Court based on such findings.

IT IS SO ORDERED this 26th day of February, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE